UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-02015-D

**Franklin Alma**,

        Petitioner,

v.

**Justin Andrews**,

        Respondent.

**Memorandum & Recommendation**

Petitioner Franklin Alma, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. D.E. 1. He argues that he is unlawfully incarcerated because "Section (e)(1) of Amendment 782 to the United States Sentencing Guideline[s] . . . is unconstitutional." Pet. at 6, D.E. 1. After reviewing Alma's Petition, the undersigned recommends[1] that the court dismiss this action without prejudice.

**I.     Background**

On March 6, 2006, Alma pleaded guilty in the United States District Court for the District of Maryland to possession with intent to distribute five hundred (500) grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1).[2] *See Alma v. Wall*, No. 5:14-HC-2066-FL, DE-15. Alma was sentenced to a term of one hundred fifty one (151) months imprisonment, and transferred to the custody of the Federal Bureau of Prisons ("BOP") to serve his sentence. *Id.* Alma did not appeal his conviction, nor has he filed a petition for writ of habeas corpus pursuant

---

[1] The court has referred this matter to the undersigned magistrate judge for entry of a Memorandum and Recommendation. 28 U.S.C. § 636(b).

[2] In his petition, Alma incorrectly asserts that he was sentenced in the Eastern District of North Carolina. Pet. at 1, D.E. 1.

1

to 28 U.S.C. § 2255.[3] *Id.* at 2-4. Likewise, petitioner has not filed a motion pursuant to 18 U.S.C. § 3582. *Id.* at 3.[4] The instant petition was filed on January 26, 2015.

## II. Section 2241 Petition.

The facts supporting the instant petition state, in their entirety:

> That, Section (e)(1) of Amendment 782 to the United States Sentencing Guideline, effective 11/1/14 is unconstitutional and violates the United States Constitution, in that it is causing the petitioner to be held in unlawful custody beyond his release date of January 2014.

Pet. at 6, D.E. 1.

Amendment 782 to the Sentencing Guidelines is a retroactive amendment that reduced the base offense levels in U.S. Sentencing Guidelines Manual § 2D1.1 (2013) by two levels. *United States v. Gomez-Juarez*, 609 F. App' x 155 (4th Cir. 2015). Alma provides no specific support for his contention that the amendment is unconstitutional, nor has any appellate court held that the amendment is unconstitutional. *Cf. United States v. Wingo*, No. 15-6801, 2015 WL 5315537, at *1 (4th Cir. Sept. 14, 2015) (reviewing the record and finding no reversible error in appeal involving Amendment 782). Accordingly, Alma's assertion that Amendment 782 to the United States Sentencing Guidelines is unconstitutional is unfounded.

Moreover, it appears that, rather than challenging the constitutionality of Amendment 782 to the Sentencing Guidelines, Alma seeks a reduction in his sentence based on the application of that amendment. However, § 2241 is not the proper vehicle for such a request. Rather, a motion under 18 U.S.C. § 3582(c)(2) provides the proper procedure to seek a reduction

---

[3] Alma has previously filed a habeas petition pursuant to 28 U.S.C. § 2241. *Alma v. Wall*, No. 5:14-HC-2066-FL. That petition, however, did not challenge his conviction, but rather sought an injunction barring his deportation upon his release from custody.

[4] Section 3582(c) allows the sentencing court to modify a term of imprisonment after it has been imposed where the Sentencing Commission amends the applicable guidelines range.

in sentence based on a retroactive Guidelines amendment. *See United States v. Johnson*, 587 F.3d 625, 640 (4th Cir. 2009); *United States v. Brewer*, 520 F.3d 367, 373 (4th Cir. 2008); *Beamon v. United States*, No. 2:11-CR-26-B0-1, 2015 WL 4208737, at *3 (E.D.N.C. July 9, 2015). Accordingly, the instant petition is dismissed without prejudice to Alma's right to pursue relief under § 3582(c)(2) in the sentencing court. *See Brewer*, 520 F.3d at 373

### III. Conclusion

For the foregoing reasons, the undersigned recommends that the court dismiss Alma's habeas corpus petition (D.E. 1) without prejudice.

The Clerk is ordered to send a copy of this Memorandum and Recommendation to Stark. He shall have until 14 days after service of the Memorandum and Recommendation to file written objections. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If Stark does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, his failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order**

or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

Dated: October 28, 2015

_____
Robert T. Numbers, II
United States Magistrate Judge

4